UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER<br>1901 South Congress Avenue, Suite 200<br>Boynton Beach, Florida 33426<br><br>        Plaintiff,<br><br>  v.<br><br><br>FEDERAL BUREAU OF PRISONS,<br>320 First Street, N.W.<br>Washington, D.C. 20534<br><br>        Defendant. | Case No. <u>25-cv-3918</u> |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Human Rights Defense Center respectfully submits this Complaint for declaratory and injunctive relief finding Defendant Federal Bureau of Prisons has violated the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), and ordering it to comply with its obligations.

**Introduction**

1.     On April 21, 2025, Plaintiff Human Rights Defense Center ("Plaintiff" or "HRDC") submitted a written request under FOIA for records held by Defendant Federal Bureau of Prisons ("Defendant" or "BOP"). The requested records concern BOP's telephone services agreements with vendors and service providers for use by prisoners or detainees, including documents detailing, among other things, the payments received by BOP from such vendors or service providers, the rates and fees for telephone calls under those agreements, and commissions paid to BOP for such telephone services. To date, however, BOP has completely

failed its obligations under FOIA to provide the public records that HRDC seeks. Indeed, in the

intervening time, BOP has only provided a pro-forma processing letter in violation of FOIA,

unnecessarily requiring this lawsuit. HRDC requests that this Court order the BOP to comply;

enjoin BOP from further neglecting its duties under federal law; and reimburse HRDC the legal

fees and costs it has incurred in bringing this action.

## Parties, Jurisdiction, Venue

2.      Plaintiff Human Rights Defense Center is a nonprofit charitable organization

incorporated under the laws of the State of Washington and recognized as tax exempt under IRS

Code § 501(c)(3). The core of HRDC's mission is public education, prisoner education,

advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human

rights. Among other publications, HRDC distributes the preeminent news publication across

penological institutions in the United States: *Prison Legal News* ("PLN").

3.      Defendant Federal Bureau of Prisons is an agency of the United States within the

meaning of 5 U.S.C. § 552(f)(1) and is a component of the United States Department of Justice,

which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendant

BOP is headquartered in Washington, D.C. BOP has possession, custody, and control of the

records requested by HRDC.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §

522(a)(4)(B).

5.      Venue is proper in this District under 28 U.S.C. § 1391(e).

## FACTUAL BACKGROUND

6.      HRDC currently distributes dozens of different criminal justice, legal and self-

help titles, including its prolific monthly periodical that reports and analyzes criminal justice

news on a national level: *PLN*. Produced continuously since 1990, the publication has approximately 5,000 subscribers in 50 states, including lawyers, journalists, judges, courts, public libraries, and universities. Surveys indicate that *PLN*'s readership is approximately ten times the subscriber number. HRDC also maintains a listserv and a website at www.prisonlegalnews.org, which receives approximately 700,000 visitors per month, according to site analytics. HRDC publishes books about the criminal justice system and legal issues for use by prisoners, lawyers, courts, libraries, and other members of the public.

7.      HRDC also publishes *Criminal Legal News* ("*CLN*"), a monthly 56-page magazine that reports on criminal law and procedure, police civil rights litigation, policing, prosecutorial misconduct, sentencing issues and mass incarceration. *CLN* currently has approximately 2,500 subscribers in all 50 states and its website, www.criminallegalnews.org, receives approximately 300,000 visitors each month.

8.      HRDC, through its publications, is a "representative of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii) because it gathers information of current interest to the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to a national audience through its various publications.

9.      HRDC's employees, publications, and advocacy activities (including its litigation) have been widely cited in mainstream media sources, including The New York Times, CNN, The Wall Street Journal, USA Today, The Nation, BusinessWeek, Mother Jones, the Miami Herald, the National Law Journal, The Atlanta Journal Constitution, The Sacramento Bee, the Boston Herald, The Washington Times, Columbia Journalism Review, Courthouse News Service, and the First Amendment Center.

10.    HRDC is a 501(c)(3) non-profit corporation that advocates on behalf of the human rights of people held in detention facilities in the United States. The core of HRDC's mission is public and prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. To this end, HRDC has engaged in critical litigation throughout the country in an effort to hold the government accountable.

**The FOIA Request to BOP – Request No. 2025-03722**

11.    On April 21, 2025, HRDC issued a written request to BOP seeking the following records regarding telephone services:

1)  All contracts or other agreements, including all exhibits, addenda and extensions, between Federal Bureau of Prisons (BOP) and any provider of services for use by prisoners or other detainees that are currently in effect, as of the date of this request, that provide the following service: Telephone calls.

2)  Documents detailing all payments received by Federal Bureau of Prisons (BOP) from any of the vendors or service providers for the above services, or on behalf of any of the above service providers, from January 1, 2019 to present.

3)  Documents detailing rates for telephone calls made by prisoners or other detainees of Federal Bureau of Prisons (BOP) that are currently in effect.

4)  Records detailing all fees related to use of the above services by the prisoners or other detainees of any Federal Bureau of Prisons (BOP) that are currently in effect. This request specifically includes all ancillary fees incurred by people who accept calls from prisoners or other detainees, including fees related to prepaid phone accounts, money transfers and the other services listed above.

5)  If the agency is paying for any of the above services, records detailing the terms of the services and the amount paid for them.

6)  Documents showing how much, if any, commissions are being paid to the BOP by the vendor for said telephone services

*See* HRDC's FOIA Request, attached as **Exhibit A**.

12.     As a news media organization seeking records in the public interest, HRDC requested a waiver of duplication costs pursuant to 5 U.S.C. § 552 (a)(4)(A)(ii)(II) and 5 U.S.C. § 552 (a)(4)(A)(iii). *See id.*

13.     In response to HRDC's FOIA request, BOP issued a pro-forma processing letter from BOP, in which BOP assigned a tracking number (2025-03722), invoked the additional ten working days to respond to the request, explained that requests for matters concerning contracts may take up to twelve months to process, and deferred all other matters, including HRDC's request for a fee waiver. *See* Processing Letter, attached as **Exhibit B**.

14.     To date, HRDC has received no further response from BOP or any records.

## <u>COUNT I</u>

### Violation of 5 U.S.C. § 522(a)(6)(A)(i)
### Failure to Timely Make a Determination

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 14 above as if fully set forth herein.

15.     HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of BOP.

16.     BOP is obligated under 5 U.S.C. § 522(a)(3) to produce records responsive to the HRDC's request.

17.     Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor";

the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

18.    The 20-day deadline by which BOP was required to communicate its determination—even with the additional 10 working days for "unusual circumstances"—has lapsed.

19.    HRDC has a statutory right to the records it seeks, and there is no basis for BOP to withhold them.

20.    As of the filing of this Complaint, BOP has not provided HRDC any determination on its FOIA request.

21.    Because no basis exists for BOP's failure to respond, it has violated FOIA.

22.    Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions."  Accordingly, HRDC has exhausted its administrative remedies.

## COUNT II

### Violation of 5 U.S.C. § 522(a)(3)(A)-(D)
### Failure to Make a Reasonable Effort to Search for and Release Records

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 14 above as if fully set forth herein.

23.    HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of BOP.

24.    BOP is obligated under 5 U.S.C. § 522(a)(3)(C) to conduct a reasonable search and to produce records responsive to HRDC's request.

25.     BOP failed to satisfy the requirement to search and release of records in the FOIA request and failed to provide any justification for its failure.

26.     As a result of BOP's failure to conduct an adequate search and promptly produce the materials requested by HRDC, it has violated 5 U.S.C. § 522(a)(3)(A)-(D) and its corresponding regulations.

## COUNT III

### Violation of 5 U.S.C. § 552(a)(4) & (6)
### Failure to Grant Fee Waiver

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 14 above as if fully set forth herein.

27.     HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of BOP.

28.     In that request, HRDC asserted it was entitled to a waiver of all costs because disclosure of the records sought "is likely to contribute significantly to public understanding of the operations or activities of the government," as described in 5 U.S.C. § 552(a)(4)(A)(iii), and that courts had previously determined that HRDC was entitled to a fee waiver. *See* Ex. A.

29.     As such, BOP violated FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and corresponding regulations, when it failed to waive all search, review, processing, and duplication fees in connection with the request.

## Requested Relief

Plaintiff Human Rights Defense Center respectfully requests that the Court:

A. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

B.  Declare that BOP's failure to respond and produce the requested records is unlawful;

C.  Declare that HRDC is entitled to disclosure of the requested records;

D.  Declare that HRDC is entitled to a complete fee waiver;

E.  Order BOP to immediately process and disclose all records responsive to the FOIA request that are not specifically exempt from disclosure under FOIA;

F.  Enjoin BOP from continuing to withhold any and all nonexempt records responsive to the FOIA request;

G.  Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

H.  Grant all other relief that the Court deems just and proper.

Dated: November 12, 2025

Respectfully submitted,

/s/ James M. Slater
James M. Slater (DC Bar # 1044374)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Human Rights Defense Center*

8