UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>        Defendant. | Civil Action No. 25-3918 (AHA) |

## <u>ANSWER</u>

Defendant, Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff Human Rights Defense Center ("Plaintiff") in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are: correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF[1]

This unnumbered prefatory paragraph consists of Plaintiff's characterization of its Complaint, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under the FOIA, 5 U.S.C. § 552 *et seq.*

### Introduction

1.      Defendant admits only that Plaintiff submitted a FOIA request dated April 21, 2025. Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request for a complete and accurate statement of its contents, and denies any inconsistent allegations therewith. *See* Ex. A to Compl. (ECF No. 1-1). The remainder of this paragraph consists of legal conclusions or requested relief to which no response is required. To the extent that a response is required, Defendant denies both the legal conclusions asserted in this paragraph and that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### Parties, Jurisdiction, Venue

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.      Defendant admits it is an agency of the United States government headquartered at 320 First Street N.W., Washington, D.C 20534 and is a component of the United States Department of Justice. The remaining allegations in Paragraph 3 consist of conclusions of law, to which no response is required. To the extent a response is required to these remaining allegations, Defendant

---

[1]      Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

admits only that it is conducting a search for records, if any, which may be responsive to Plaintiff's request.

4.    This paragraph states a legal conclusion regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendant admits only that jurisdiction is subject to the terms and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

5.    This paragraph states a legal conclusion regarding venue, to which no response is required.  To the extent a response is required, Defendant only admits that venue is subject to the terms and limitations of FOIA.

## FACTUAL BACKGROUND

6.    Defendant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 6.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.    This paragraph states a conclusion of law to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.    This paragraph consists of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

3

**The FOIA Request to BOP-Request No. 2025-03722**

11.     Defendant admits only that Plaintiff submitted a FOIA request dated April 21, 2025.  Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request, and denies any allegations inconsistent therewith.  *See* Ex. A to Compl. (ECF No. 1-1).

12.     Defendant admits only that Plaintiff requested a waiver of fees. Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request for a complete and accurate statement of its contents, and denies any inconsistent allegations therewith.  *See* Ex. A to Compl. (ECF No. 1-1).  Regarding whether Plaintiff qualifies as a "news media organization" Defendant lacks knowledge or information sufficient to form a belief regarding this allegation. The remainder of this paragraph states a legal conclusion to which Defendant is not obligated to respond.

13.     Defendant denies this paragraph as stated.  Defendant admits only that it issued an acknowledgment letter to Plaintiff and assigned the FOIA request number 2025-03722.  Defendant respectfully refers the Court to the Acknowledgement Letter for a complete and accurate statement of its contents, and denies all other allegations regarding its contents that are inconsistent with the text therein.  *See* Ex. B to Compl. (ECF No. 1-2).

14.     Defendant admits only that it has produced no records to Plaintiff as of this date.

**COUNT I**

**Violation of the FOIA, 5 U.S.C.  § 522(a)(6)(A)(i) [*sic*]
Failure to Timely Make a Determination**

Defendant BOP incorporates and realleges paragraphs 1 through 14 of this Answer as if fully stated in this paragraph.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that it received a FOIA request from Plaintiff and that it may have responsive records.

16.     Paragraph 16 consists of a legal conclusion to which no response is required.

17.     Paragraph 17 consists of legal conclusions and Plaintiff's quotation from and characterization of the FOIA, not allegations of fact, and thus no response is required.  To the extent that a response is required, Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the provision for a complete and accurate reading of its contents and denies any allegation inconsistent therewith.

18.     Paragraph 18 consists of a legal conclusion to which no response is required.

19.     Paragraph 19 consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies this paragraph as stated.

20.     Paragraph 20 consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant admits that it has produced no records to Plaintiff as of this date.

21.     Paragraph 21 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

22.     Paragraph 22 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT II

### Violation of 5 U.S.C. § 522(a)(3)(A)-(D) [*sic*]
### Failure to Make a Reasonable Effort to Search for and Release Records

Defendant BOP reincorporates and realleges paragraphs 1 through 14 of this Answer as if fully stated in this paragraph.

5

23.     Paragraph 23 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits only that it received a FOIA request from Plaintiff and that it may have responsive records.

24.     Paragraph 24 consists of legal conclusions to which no response is required.

25.     Paragraph 25 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

26.     Paragraph 26 consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT III

### Violation of 5 U.S.C. § 552(a)(4) & (6)
### Failure to Grant Fee Waiver

Defendant BOP reincorporates and realleges paragraphs 1 to 14 of this Answer as if fully stated in this paragraph.

27.     Paragraph 27 consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant admits only that it received a FOIA request from Plaintiff and that it may have responsive records.

28.     Paragraph 28 consist of Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required.  To the extent that a response is required, Defendant denies any characterization of Plaintiff's FOIA request, which speaks for itself, and respectfully refers the Court to the request (Exhibit A to the Complaint (ECF No. 1-1)) for a complete and accurate description of its contents.

29.     Paragraph 29 consists of a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied, as Defendant has assessed no fees against Plaintiff.

**<u>Requested Relief</u>**

This remainder of the Complaint consists of Plaintiff's Requested Relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

**<u>DEFENSES</u>**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law. Defendant specifically preserves these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

**THIRD DEFENSE**

Defendant has exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, that may be responsive to Plaintiff's FOIA request.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**FIFTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA, to the extent such records exist.

**SIXTH DEFENSE**

At all times, Defendant acted in accordance with the law and in good faith.

**SEVENTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**EIGHTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records, if any, that are not reasonably segregable from exempt portions of records.

**NINTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

**TENTH DEFENSE**

Plaintiff is not entitled to the injunctive relief requested, and there is no provision of FOIA for obtaining declaratory relief.

\*          \*          \*

Dated: January 14, 2025
      Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO,
United States Attorney


By:    */s/   William Thanhauser*
       WILLIAM THANHAUSER
       D.C. Bar #1737034
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       (202) 252-7706
       William.Thanhauser@usdoj.gov

*Attorneys for the United States of America*