UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | Civil Action No. 25-3918 (AHA) |

**JOINT MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC***

Plaintiff Human Rights Defense Center and Defendant Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, move pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for an enlargement of time, *nunc pro tunc*, until today, February 5, 2026, to file a Joint Status Report in this Freedom of Information Act ("FOIA") matter. This Joint Status Report is filed concurrently with this Motion. Pursuant to Local Civil Rule 7(m), counsel have met and conferred and make this motion jointly.

In support of this Motion, the Parties state as follows:

The Court's Standing Order for Civil Cases requires, in this FOIA matter, submission of a Joint Status Report to the Court, no later than fourteen days after any defendant files an answer. *See* ECF No. 4, ¶ 3.D. BOP filed its Answer on January 14, 2026. *See* ECF No. 8. Through inadvertence of counsel, the parties failed to file a Joint Status Report within 14 days of such date (i.e., by January 28, 2026). Upon learning of their error, undersigned counsel promptly met and conferred regarding the case status and the instant *nunc pro tunc* extension motion.

The undersigned apologize that this filing is tardy. The parties understand that there are good reasons for the requirement for an initial Joint Status Report in this Court's Standing Order for Civil Cases and will endeavor in the future to ensure timely compliance.

There is good cause for this request. A district court may forgive a party's failure to file a timely responsive pleading if that party makes a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In deciding whether to grant a motion for an extension of time on the ground of excusable neglect, the Court may consider (1) "the danger of prejudice to the [other party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Here, undersigned counsels' error does not prejudice either party, indicated by the joint submission of this Motion. This omission has only a limited impact on these judicial proceedings given the early posture of the case. Although undersigned counsels' inadvertent omission of the relevant deadline was reasonably within counsels' control, counsel for both Parties acted in good faith to address the mistake as soon as they discovered it.

The parties therefore request that the Court extend, *nunc pro tunc*, the time to file their initial Joint Status Report, up to and including February 5, 2026. Counsel apologize to the Court for any inconvenience their oversight has caused to the Court and are filing their initial Joint Status Report concurrently with the filing of this Motion. A proposed order is attached.

- 3 -

| | |
|---|---|
| Dated: February 5, 2026 | Respectfully submitted, |
| | |
| | JEANINE FERRIS PIRRO<br>United States Attorney |
| */s/ James M. Slater*<br>James M. Slater, D.C. Bar # 1044374<br>2296 Henderson Mill Rd. N.E. #116<br>Atlanta, GA 30345<br>james@slater.legal<br>Tel. (404) 458-7283 | By: /s/ *William Thanhauser*<br>WILLIAM THANHAUSER<br>D.C. Bar #1737034<br>Assistant United States Attorney<br>601 D Street, N.W.<br>Washington, DC 20530<br>(202) 252-7706 |
| *Counsel for Plaintiff* | *Attorneys for the United States of America* |